**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**WILLIAM LEE FOUSE**                                                                  **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 3:25CV281-RP**

**COMMISSIONER OF SOCIAL SECURITY**                                          **DEFENDANT**

**OPINION AND JUDGMENT**

William Lee Fouse seeks judicial review pursuant to 42 U.S.C. § 405(g) of an unfavorable

decision of the Commissioner of Social Security regarding an application for a period of disability and

disability insurance benefits.   The parties have consented to entry of final judgment by the United

States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court

of Appeals for the Fifth Circuit.   The undersigned held a hearing on May 13, 2026.   Having

considered the record, the administrative transcript, the briefs of the parties, the oral arguments of

counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by

substantial evidence and should be affirmed.

**Standard of Review**

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]   The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2]   First, plaintiff must prove he is not currently engaged in substantial

---

[1]*See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

1

gainful activity.[3]   Second, plaintiff must prove the impairment is "severe" in that it "significantly limits [his physical or mental ability to do basic work activities . . . ."[4]   At step three the ALJ must conclude plaintiff is disabled if he proves that the impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]   If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]   At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.   *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).   The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial

---

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).   If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."   20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

2

evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### **Commissioner's Decision**

At step one of the sequential analysis, the ALJ found that the plaintiff has not engaged in substantial gainful activity since the alleged onset date. At step two, he found that the plaintiff has the severe impairments of lumbar degenerative disc disease, obesity, obsessive-compulsive disorder, post-traumatic stress disorder, depressive disorder, and substance use disorder. At step

---

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

three, he found that none of these impairments or combination of these impairments meets or medically equals a listed impairment. The ALJ then found that plaintiff has the residual functioning capacity ("RFC") to perform medium work except he "is limited to jobs involving simple tasks with no more than occasional changes in a routine work setting and can have occasional interaction with supervisors, co-workers, and the general public." At step four, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that the plaintiff can perform, such as the jobs of a inspector and kitchen helper. As such, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff captions his argument as follows:

The ALJ's RFC does not appropriately set forth the "total limiting effects" of Plaintiff's mental impairments as demonstrated in the record and, in particular, in the opinion of SSA's examining expert, Paul S. Leonard, PhD.

ECF 7 at 1, 6. At the conclusion of the report of his mental examination of the plaintiff, Dr. Leonard assessed the plaintiff with the following mental functional limitations:

Cognition (understanding and remembering information) – no limitations.

Ability to perform routine repetitive tasks /ADLs – moderate limitations.

Concentration/attention and persistence – marked limitations.

Socialization (interaction with others) – marked limitations.

Psychological/emotional adaptation and stability – marked limitations.

Manage money independently – no limitations.

4

ECF 3 at 502-03. At the administrative hearing, when asked by the plaintiff's attorney to assume that a "marked" limitation means that an individual is unable to perform that activity for at least a third of the workday, the vocational expert testified that an individual with a marked limitation in maintaining concentration, attention, and persistence would be unable to perform the identified jobs, nor would an individual with a marked limitation in the ability to adapt and behave in an emotionally stable manner in the work environment.[11]   The plaintiff argues that the ALJ erroneously found Dr. Leonard's medical opinion unpersuasive and should have included in the RFC the marked mental limitations assessed by Dr. Leonard.   The court disagrees.

Under the regulation setting forth the framework for considering medical opinions, the ALJ "will not defer or give any specific weight, including controlling weight, to any medical opinion(s) or prior administrative findings(s), including those from your medical sources."   20 C.F.R. § 404.1520c(a).   The ALJ will articulate how persuasive he finds the medical opinions in the case record after considering the factors of supportability, consistency, relationship with the claimant, specialization, and other factors.   20 C.F.R. § 404.1520c(b).   Supportability and consistency are the most important factors to be considered, and the ALJ will explain how he considered these two factors.   *Id.*   "Supportability" means the extent to which a medical source has presented relevant objective medical evidence and supporting explanations to support his or her medical opinion or prior administrative medical finding.   20 C.F.R. § 404.1520c(c)(1). "Consistency" means the extent to which a medical opinion or prior administrative medical finding is consistent with the evidence from other medical sources and nonmedical sources.   20

---

[11]  Although the plaintiff's definition of a "marked" limitation appears nowhere in Dr. Leonard's report or in the social security regulations, it is apparent that the ALJ assumed a similar definition in this case, and the court will therefore assume the same for purposes of this decision.

C.F.R. § 404.1520c(c)(2).

In the present case, the ALJ explained his consideration of Dr. Leonard's opinion as follows:

> The undersigned has also considered and has found unpersuasive the assessment of the psychological consultative examiner, Carl S. Leonard, PhD. (*See* Exhibit 6F). Specifically, his opinion that the claimant has no limitation in understanding and remembering information is not supported by the claimant's performance during his examination, including not being able to recall more than one word after a five-minute delay and it is not consistent with the claimant's report that he needs reminders to take care of personal needs and grooming and to take medicine. (*See* Exhibit 5E/3). His remaining opinions that the claimant has marked limitations are not supported by his examination findings of cooperative behavior; no evidence of delusions, hallucinations, or psychotic symptoms; goal-directed thought process and though content; and the ability to spell the word "dog" forwards and backwards nor are they consistent with other treatment notes that document pleasant behavior with normal speech (*See* Exhibits 3F/12, 14, 40), good attention and focus (*See* Exhibit 3F/14, 42), good judgment and insight, and intact impulse control (*See* Exhibits 1F/12, 3F/14, 38, 42).

ECF. 3 at 29. In summary, with respect to Dr. Leonard's findings, the ALJ found the plaintiff to be more limited in the ability to understand and remember information; and less limited in the abilities to maintain concentration, attention, and persistence, to interact with others, and to emotionally adapt to changes in the workplace. In articulating these findings, the ALJ explained how he considered the factors of supportability and consistency with citations to Dr. Leonard's examination and to other medical and non-medical evidence in the record.

It is clear to the court that the ALJ fully complied with the applicable regulation when considering Dr. Leonard's opinion, and plaintiff's counsel did not dispute this during oral argument before this court. Rather, the plaintiff argues that the record evidence cited by the ALJ does not constitute substantial evidence supporting the ALJ's finding that Dr. Leonard's opinion is unpersuasive and supporting the ALJ's omission of Dr. Leonard's assessed marked

6

mental limitations from the plaintiff's RFC.   The court disagrees.

The record evidence cited by the ALJ in his discussion of Dr. Leonard's opinion constitutes "more than a scintilla" of evidence supporting the ALJ's persuasiveness finding as to that opinion.   *Crowley*, 197 F.3d at 197.   Additionally, at step three of the sequential evaluation process the ALJ conducted a thorough discussion – with extensive citations to supporting medical and non-medical record evidence – of his findings with respect to the plaintiff's limitations in the four areas of mental functioning known as the "paragraph B" criteria, which discussion lends further support to the ALJ's findings as to Dr. Leonard's opinion.   The ALJ's decision is also supported by the administrative medical findings of the state agency psychologists, who also had the benefit of Dr. Leonard's report and who found nonetheless – as the ALJ did -- that the plaintiff is only moderately limited in all the "paragraph B" areas of mental functioning except in the ability to understand, remember, or apply information, in which area the ALJ found the plaintiff to be more limited than did the state agency psychologists and Dr. Leonard.   This is not a case where there is a "conspicuous absence of credible choices" or "no contrary medical evidence" as is necessary for a finding of no substantial evidence. *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)).   The plaintiff's argument essentially amounts to a request that the court reweigh the evidence in his favor, which the court may not do.

For these reasons and for those announced on the record at the conclusion of oral argument, the court finds the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

**SO ORDERED**, this the 14th day of May, 2026.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE